**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Narek PAPIKIAN, Defendant–
Appellant.**

No. 11–50438.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 21, 2012.

Michael J. Raphael, Esquire, Monica E. Tait, Office of the U.S. Attorney Los Angeles, CA, for Plaintiff–Appellee.

Donald Bruce Marks, Esquire, Marks & Brooklier, Los Angeles, CA, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Narek Papikian appeals from the 87–month sentence imposed following his guilty-plea conviction for possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Papikian contends that the district court erred by failing to make factual findings or to hold an evidentiary hearing on whether he was a victim of sentencing entrapment. The record reflects that Papikian did not present this claim to the district court and therefore this claim is forfeited. *See United States v. Si,* 343 F.3d 1116, 1128 (9th Cir.2003).

Papikian also contends that his sentence is substantively unreasonable because his criminal history is overstated, the district court took into account his prior arrests, his drug addiction and depression are mitigating factors not properly accounted for, and the sentence is longer than necessary for someone with his background. The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

